```
              UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


KENNETH L. VONEIDA,                :   **CASE NO. 1:10-CV-2572**
                                   :
            Plaintiff              :   (Judge Conner)
                                   :
       v.                          :   (Magistrate Judge Smyser)
                                   :
                                   :
KEVIN STOEHR, PRESIDENT            :
GRAHAM SPANIER, GREGORY            :
TAYLOR, JOSEPH ALLEGRINI,          :
UNKNOWN NUMBER OF LOWER            :
PAXTON POLICE OFFICERS, LOWER      :
PAXTON TOWNSHIP, UNKNOWN           :
NUMBER OF PENNSYLVANIA STATE       :
POLICE OFFICERS, COMMISSIONER      :
FRANK E. PAWLOWSKI, MICHAEL        :
CONSIGLIO, ED MARSICO, TOM         :
CORBETT, GOVERNOR EDWARD G.        :
RENDELL, CHRISTOPHER               :
NAWROCKI, DONNA KANASKIE,          :
JUSTIN JANIK, MELINDA              :
ANDERSON, UNKNOWN NUMBER OF        :
FEDERAL AGENTS, MICHAEL            :
CONSIGLIO, JOSEPH TERZ,            :
THEODORE B. SMITH, III and         :
ATTORNEY GENERAL ERIC H.           :
HOLDER, JR.,                       :
                                   :
            Defendants             :
```

**REPORT AND RECOMMENDATION**

The *pro se* plaintiff, Kenneth L. Voneida, filed the civil action complaint in this case on December 17, 2010.

There are named and unnamed defendants, who are natural persons and a municipality. The plaintiff cites criminal statutes, 18 U.S.C. §§ 241 and 242, but states that he is bringing a civil cause of action claiming a violation of the plaintiff's constitutional rights.

The complaint states that the plaintiff, Kenneth L. Voneida, is the parent of Steven Voneida. The claims in the complaint involve criminal proceedings initiated against Steven Voneida in the Court of Common Pleas of Dauphin County arising from a July 2, 2007 search of the home of Kenneth Voneida, the plaintiff. As a result of the July 2, 2007 search, during which several firearms were found in the plaintiff's home, charges of illegal possession of firearms were brought against Steven Voneida on July 20, 2007. The plaintiff's son was convicted of illegal possession of firearms. Steven Voneida was sentenced on March 18, 2008 to a term of imprisonment of 3 to 10 years.

The plaintiff claims a Fourth Amendment violation occurred when, on July 2, 2007, his house was searched. The

2

plaintiff claims a Second Amendment violation occurred when firearms belonging to the plaintiff were taken from his home when his home was searched on July 2, 2007. The plaintiff claims a violation of his right to due process of law occurred when state and federal prosecutorial authorities stated in various public documents in charging Steven Voneida that the plaintiff, Steven's father, had supplied firearms to his son, who was described by authorities as a person not lawfully permitted to possess firearms.

Defendants Pawlowski, Rendell and Corbett (the "Commonwealth defendants") have filed a motion (Doc. 4) to dismiss the complaint and a brief (Doc. 5) in support. The plaintiff filed a brief (Doc. 6) in opposition. No reply brief was filed.

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) challenges the legal sufficiency of the plaintiff's complaint. In deciding a motion to dismiss the complaint, we must accept all well-pleaded factual allegations as true, "construe the complaint in the light most favorable to the plaintiff, and

3

determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *McTernan v. City of York,* 564 F.3d 636, 646 (3d Cir. 2009)(quoting *Phillips v. County of Allegheny,* 515 F.3d 224, 233 (3d Cir. 2008)).

      The Commonwealth defendants rely upon the argument that the plaintiff's claims are barred by a two-year statute of limitations. They also rely upon the argument that the complaint does not allege facts indicative of the personal involvement of any of the Commonwealth defendants in any of the conduct that is the subject matter of the plaintiff's claims. In that the plaintiff's claims are barred by the applicable statute of limitations, we do not reach the personal involvement grounds raised by the Commonwealth defendants.

      The plaintiff's December 17, 2010 complaint involves a July 2, 2007 search. The complaint involves an event that occurred three years, five months and fifteen days before the complaint was filed.

4

"Actions brought under 42 U.S.C. § 1983 are governed by the personal injury statute of limitations of the state in which the cause of action accrued." *O'Connor v. City of Newark,* 440 F.3d 125, 126 (3d Cir. 2006). The Pennsylvania statute of limitations for personal injury actions is two years. *Garvin v. City of Philadelphia,* 354 F.3d 215, 220 (3d Cir. 2003). A section 1983 cause of action accrues when the plaintiff knew or should have known of the injury upon which his action is based. *Sameric Corp. v. City of Philadelphia,* 142 F.3d 582, 599 (3d Cir. 1998).

The plaintiff's argument for the inapplicability of the three years, five months, fifteen day calculation is that he did not become aware of the legal basis for his claim until a date no earlier than two years before he filed his complaint. Assuming that it is true that he was not aware of the legal basis for his claims against the Commonwealth defendants until a date that was two years or less before he filed his complaint, his complaint nevertheless is time barred because he knew of his injury when his home was searched, property was seized and his son was criminally charged in July of 2007.

5

Accordingly, it is recommended that the Commonwealth defendants motion (Doc. 4) under Rule 12(b)(6) of the Federal Rules of Civil Procedure be granted and that the complaint be dismissed as to the Commonwealth defendants.  It is also recommended that the case be remanded to the undersigned for further proceedings.


                                        */s/ J. Andrew Smyser*
                                        J. Andrew Smyser
                                        Magistrate Judge


Dated: April 1, 2011.