UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


KENNETH L. VONEIDA,              :    **CASE NO. 1:10-CV-2572**
                                 :
          Plaintiff              :    (Judge Conner)
                                 :
     v.                          :    (Magistrate Judge Smyser)
                                 :
                                 :
KEVIN STOEHR, *et al.,*          :
                                 :
          Defendants             :


## REPORT AND RECOMMENDATION


**The Complaint**.

The complaint has been brought *pro se* by Kenneth Voneida, the plaintiff.  The defendants are past and present Governors of Pennsylvania; the Pennsylvania State University President; a Penn State law enforcement officer; state and federal prosecutors; state, federal and municipal law enforcement officers; and a municipality.  The plaintiff claims that the defendants, acting under color of federal and state law, violated his federally protected rights.  The causes of action are brought under 42 U.S.C. § 1983 and *Bivens*[1].  The

---

1.  *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971). In *Bivens*, the Supreme Court
(continued...)

plaintiff asserts that the defendants violated the United States Constitution, Amendments Two, Four, Five, Six and Fourteen.

The named defendants are Kevin Stoehr, Penn State Harrisburg Chief of Police; Graham Spanier, Penn State University President; Gregory Taylor, Lower Paxton Township Police Officer; Joseph Allegrini, Lower Paxton Township Police Officer; Lower Paxton Township; Colonel Frank E. Pawlowski, Commissioner, Pennsylvania State Police; Michael Consiglio, Dauphin County Chief Deputy District Attorney[2]; Ed Marsico, Dauphin County District Attorney; Tom Corbett, Attorney General

---

1.  (...continued)
recognized a private cause of action to recover damages against a federal agent for violations of constitutional rights. "A *Bivens* action, which is the federal equivalent of the [42 U.S.C.] § 1983 cause of action against state actors, will lie where the defendant has violated the plaintiff's rights under color of federal law." *Brown v. Philip Morris Inc.,* 250 F.3d 789, 800 (3d Cir. 2001).

2.  Michael Consiglio, during the period of time from July 2, 2007 to the present, was a Dauphin County Deputy District Attorney and subsequently an Assistant United States Attorney.  The plaintiff has sued him in both capacities, as a state and as a federal prosecutor.

of Pennsylvania[3]; Edward F. Rendell, Governor of Pennsylvania[4];
Christopher Nawrocki, an FBI agent; Donna Kanaskie, a FBI
agent; Justin Janek, an FBI agent; Melinda Anderson, an FBI
agent; Joseph J. Terz, an Assistant United States Attorney;
Theodore B. Smith, III, an Assistant United States Attorney;
and Eric H. Holder, Jr., Attorney General of the United
States.[5]  The complaint also states that there are unnamed
defendants: unknown Lower Paxton Township Police Officers,
unknown Pennsylvania State Police Officers and unknown FBI
agents.  Of all of the defendants identified in the
introductory paragraphs of the complaint, the only defendants
referred to in the ensuing paragraphs of the complaint are
defendants Stoehr (¶¶ 35, 37, 40, 44), Taylor (¶ 37), Terz
(¶¶ 43, 46), Consiglio (¶ 46) and Smith (¶ 46).

---

3.  Tom Corbett is now the Governor of Pennsylvania.

4.  *See* footnote 3.

5.  The complaint has been dismissed as to defendants Pawloski,
Rendell and Corbett.

Stoehr questioned the plaintiff's son, Steven Voneida, about firearms in the Voneidas' residence[6] during an academic conference in the office of the Penn State Harrisburg Campus Dean of Students on May 1, 2007.  Steven Voneida told Officer Stoehr that there were two hunting rifles in the residence and that he owned them.  Stoehr determined that Steven Voneida had earlier been adjudicated a delinquent as a juvenile.  He considered the possession of rifles by Steven Voneida to be or possibly to be a violation of law.  Stoehr communicated these facts to one or more other law enforcement agencies.

Officer Gregory Taylor, Lower Paxton Police Department, obtained a search warrant for the Voneida residence.  The two hunting rifles were seized.  A Ruger .223 rifle owned by the plaintiff was also seized.  The search warrant, issued on July 2, 2007, did not mention that the plaintiff also resided in the residence (of Steven Voneida) that was to be searched pursuant to the warrant.

---

6.  It may reasonably be inferred from the complaint that Kenneth Voneida and Steven Voneida lived together.

On July 20, 2007, Steven Voneida was charged in the Dauphin County Court of Common Pleas with unlawful possession of a firearm under the Crimes Code of Pennsylvania.

Defendant Assistant United States Attorney Terz informed the plaintiff that he might be charged with a federal offense involving an unlawful purchase of a firearm on behalf of another person not entitled under law to possess a firearm.

Steven Voneida was convicted in the Court of Common Pleas of Dauphin County on January 14, 2008 of unlawful possession of a firearm.  The conviction was based upon his constructive possession of the Ruger rifle purchased by the plaintiff, not upon his possession of the two hunting rifles that he had purchased.  Defendants Consiglio, Terz and Smith in a subsequent federal prosecution of Steven Voneida[7], characterized the plaintiff as having assisted his son in the purchase of a semi-automatic rifle that his son could not lawfully possess.

---

7.  *See U.S. v. Voneida,* 1:07-CR-312 (M.D.Pa.)

5

The factual essence of the plaintiff's claims is that a rifle belonging to the plaintiff was seized from his residence on the basis that his son, who had been adjudicated a delinquent as a thirteen year old juvenile, was prohibited from possessing firearms.

**First Cause of Action**.

The plaintiff's First Cause of Action asserts a claim of an unreasonable search and seizure in violation of the Fourth and Fourteenth Amendments.  No particular defendant is named.  The plaintiff asserts in his First Cause of Action that the search of his residence was an overly broad search and that the seizure of a rifle that he himself had purchased was an overly broad seizure, in violation of his right to be free from an unreasonable search and seizure by persons acting under color of state or federal law.

**Second Cause of Action**.

The plaintiff's Second Cause of Action asserts a claim of a violation of the plaintiff's right under the Second

6

Amendment to possess and to retain firearms within his

dwelling.  No particular defendant is named.


**Third Cause of Action**.

        The plaintiff's Third Cause of Action asserts a claim

of a violation of the plaintiff's rights under the Fifth and

Fourteenth Amendments not to be deprived of property without

due process of law.  This Third Cause of Action also

incorporates a claim of a violation of the Sixth Amendment

right of the plaintiff in that, the plaintiff asserts, he was

not afforded an opportunity to confront his accusers.  No

particular defendant is named.


**Motions to Dismiss**.

        There are four pending motions to dismiss in this case.

Defendants Stoehr and Spanier filed a motion to dismiss

(Doc. 15) and a supporting brief (Doc. 19).  Plaintiff has not

filed a brief in opposition to this motion.  Defendants

Consiglio[8] and Marsico filed a motion to dismiss (Doc. 16) and

---

8.  This motion is filed by defendant Consiglio in his capacity as
                                                    (continued...)

a supporting brief (Doc. 21).  Plaintiff filed a brief in

opposition (Doc. 17).  No reply brief has been filed.

Defendants Taylor, Allegrini, Lower Paxton Township and Unknown

Number of Lower Paxton Police Officers filed a motion to

dismiss together with a brief in support (Doc. 23).  Plaintiff

filed a brief in opposition (Doc. 26).  The defendants filed a

reply brief (Doc. 27).  Lastly, defendants Consiglio[9], Terz,

Smith and Holder filed a motion to dismiss (Doc. 28) and a

supporting brief (Doc. 29).  Plaintiff filed a brief in

opposition (Doc. 31).  No reply brief has been filed.


**Rule 12(b)(6) Motion to Dismiss Standard**.

     A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6)

challenges the legal sufficiency of the plaintiff's complaint.

In deciding a motion to dismiss the complaint, we must accept

all well-pleaded factual allegations as true, "construe the

complaint in the light most favorable to the plaintiff, and

determine whether, under any reasonable reading of the

8.  (...continued)
a Deputy District Attorney.

9.  This motion is filed by defendant Consiglio in his capacity as
a Assistant United States Attorney.

8

complaint, the plaintiff may be entitled to relief." *McTernan v. City of York,* 564 F.3d 636, 646 (3d Cir. 2009)(quoting *Phillips v. County of Allegheny,* 515 F.3d 224, 233 (3d Cir. 2008)).

**The Statute of Limitations**.

"Actions brought under 42 U.S.C. § 1983 are governed by the personal injury statute of limitations of the state in which the cause of action accrued." *O'Connor v. City of Newark,* 440 F.3d 125, 126 (3d Cir. 2006).  The Pennsylvania statute of limitations for personal injury actions is two years. *Garvin v. City of Philadelphia,* 354 F.3d 215, 220 (3d Cir. 2003).  A section 1983 cause of action accrues when the plaintiff knew or should have known of the injury upon which his action is based. *Sameric Corp. v. City of Philadelphia,* 142 F.3d 582, 599 (3d Cir. 1998).  The Pennsylvania personal injury statute of limitations is also applicable to the *Bivens* claims.

The statute of limitations is an affirmative defense and the burden of establishing its applicability rests with the defendant. *Bradford-White Corp. v. Ernst & Whinney*, 872 F.2d

9

1153, 1161 (3d Cir. 1989).  A motion to dismiss or a motion for judgment on the pleadings may only be granted on the basis of the statute of limitations if "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." *Bethel v. Jendoco Construction Corp.,* 570 F.2d 1168, 1174 (3d Cir. 1978); 5A Wright & Miller, *Federal Practice and Procedure* § 1368 (2d ed. 1990)("If the affirmative defense clearly is established in the pleadings, as, for example, when a statute of limitations defense is apparent on the face of the complaint and no question of fact exists, then a judgment on the pleadings may be appropriate.").

**The Motion of Defendants Stoehr and Spanier**.

The motion of defendants Stoehr and Spanier to dismiss the complaint is not opposed.  The motion is based upon *inter alia* the statute of limitations, the lack of personal involvement of these defendants and a failure to effect service of process upon these defendants.

10

The motion is based in part upon the grounds that the plaintiff's claims are barred by the applicable statute of limitations.

By Order of April 20, 2011, the court dismissed the plaintiff's claims against defendants Pawlowski, Rendell and Corbett on the grounds that those claims are barred by the two year statute of limitations.  The plaintiff's claims in this case are based upon the July 2, 2007 search of his home and seizure of firearms from his home.  His complaint was filed on December 17, 2010.  More than two years passed from the time of the plaintiff's alleged injury until he filed this complaint. The basis for the court's dismissal of the claims against defendants Pawlowski, Rendell and Corbett is applicable to the plaintiff's claims against defendants Stoehr and Spanier. Since the plaintiff's claims against these defendants should be dismissed on this basis, the court need not reach nor consider the other arguments presented by these defendants.

It will be recommended that the plaintiff's complaint be dismissed as to defendants Stoehr and Spanier on the ground

11

that the statute of limitations expired before the complaint
was filed.

**The Motion of Defendants Consiglio and Marsico**.

Defendants Consiglio and Marsico have moved for
dismissal pursuant to Rule 12(b)(6) based upon the running of
the statute of limitations, the lack of allegations of personal
involvement in actionable conduct on the part of either
defendant, the absence of allegations of facts which if true
would state a claim of a violation by either defendant of the
Second, Fourth, Fifth, Sixth or Fourteenth Amendment rights of
the plaintiff, the absence of allegations that would support a
*Bivens* claim or a claim of a violation under 18 U.S.C. §§ 241,
242, and the failure of the plaintiff to effectuate timely and
proper service of process.

The plaintiff, whose brief (Doc. 17) in opposition was
filed after the defendants' motion was filed but before the
their timely brief in support (Doc. 19) was filed, addresses
the statute of limitations question, arguing that the decision
of the United States Supreme Court in *McDonald v. Chicago*, 130

12

S.Ct. 3020 (2010), has a bearing upon the determination of the date upon which the two year limitation period for his civil action began to run.  However, that decision, holding that the Second Amendment right to keep and bear arms is fully applicable to the States, does not have a bearing upon the determination in this case of the date upon which the plaintiff became aware of the facts upon which he relies to press his claims of constitutional violations.  The plaintiff presents no colorably reasonable argument that it does.

As has been the case for purposes of the motions of defendants Pawlowski, Rendell, Corbett, Stoehr and Spanier, it will be recommended that the claims against defendants Consiglio and Marsico be dismissed because they are barred by the statute of limitations.

**The Motion of Defendants Taylor, Allegrini, Lower Paxton Township and Unknown Lower Paxton Township Police Officers**.

This group of defendants also advances the applicable two year statute of limitations as the basis upon which the plaintiff's claims should be dismissed.  The plaintiff has not

13

presented a basis for any difference in outcome as to the
applicability of the two year limitation to the claims against
this group of defendants.  The motion of these defendants to
dismiss the complaint on that basis should accordingly be
granted.


**The Motion of Defendants Consiglio,**
**Terz, Smith and Holder.**

The claims against defendants Consiglio, Terz, Smith
and Holder arising from the July 2, 2007 search of the
plaintiff's residence and the seizure from that residence of
property allegedly belonging to the plaintiff should be
dismissed on the basis that the two year limitation period had
expired before the plaintiff's complaint was filed.  The
qualified immunity arguments of these defendants need not be
reached nor addressed.


**Unknown Pennsylvania State Police**
**Officer Defendants, Christopher Nawrocki,**
**Donna Kanaskie, Justin Janik, Melinda**
**Anderson, Unknown Number of Federal Agents**.

The docket reflects no return of service as to these
remaining defendants.  There may have been a failure to serve

14

them within the 120 days limit.  Rule 4(m), Federal Rules of
Civil Procedure.  An order to the plaintiff to show cause why
the complaint should not be dismissed as to these defendants
was issued on August 25, 2011.  If the plaintiff has not shown
good cause for not dismissing as to these remaining defendants
within ten days of the date of the Order, the court should
dismiss as to these other defendants.

**Recommendation**.

    It is recommended that the Rule 12(b)(6) motions (Docs.
15, 16, 28 and 23) of defendants Stoeher, Spainer, Consiglio,
Marsico, Taylor, Allegrini, Lower Paxton Township, Unknown
Number of Lower Paxton Township Police Officers, Terz, Smith,
and Holder to dismiss the complaint be granted.  It is
recommended that the complaint also be dismissed as to all
other defendants pursuant to Rule 4(m) unless the plaintiff
shows good cause for not having made service upon those
defendants.  It is recommended that, if the plaintiff shows
good cause for not having made service, the court order that
service be made no later that twenty (20) days after the

15

date of the court's order and remand the case to this

magistrate judge.


                                        ***/s/ J. Andrew Smyser***
                                        J. Andrew Smyser
                                        Magistrate Judge


Dated:  August 25, 2011.