UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENNETH L. VONEIDA, | : | **CASE NO. 1:10-CV-2572** |
| Plaintiff | : | (Judge Conner) |
| v. | : | (Magistrate Judge Smyser) |
| KEVIN STOEHR, *et al.,* | : | |
| Defendants | : | |

### REPORT AND RECOMMENDATION

On December 17, 2010, the plaintiff began this action by filing a complaint. The court has dismissed all of the defendants except FBI agents Christopher Nawrocki, Donna Kanaskie, Justin Janik, and Melinda Anderson and the unidentified defendants listed in the complaint as Unknown Number of Pennsylvania State Police Officers and Unknown Number of Federal Agents.

Rule 4(m) of the Federal Rules of Civil Procedure sets forth the time limit for service of the summons and complaint:

> If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the

> plaintiff - must dismiss the action without
> prejudice against that defendant or order that
> service be made within a specified time.  But
> if the plaintiff shows good cause for the
> failure, the court must extend the time for
> service for an appropriate period.  This
> subdivision (m) does not apply to service in a
> foreign country under Rule 4(f) or 4(j)(1).

In an Order dated August 25, 2011, we noted that more than 120 days had passed since the filing of the complaint and that there was no indication that the plaintiff had served the summons and the complaint on defendants Nawrocki, Kanaskie, Janik, Anderson, Unknown Number of Pennsylvania State Police Officers, and Unknown Number of Federal Agents.  We ordered the plaintiff to show cause why the complaint should not be dismissed as to those defendants under Fed.R.Civ.P. 4(m).

In response, the plaintiff asserts that he served the remaining defendants by certified mail in April of 2011. *Doc. 34* at 2-3.

The plaintiff's attempt at service by certified mail was improper.  Federal Rule of Civil Procedure 4(i) governs service  on federal officers and requires service on the United

2

States as well as on the individual officers in accordance with Fed.R.Civ.P. 4(e).[1]  Federal Rule of Civil Procedure 4(e) governs service on individuals, and it sets forth several different methods of service.  It does not explicitly provide that an individual may be served by certified mail.  It does, however, provide that an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed.R.Civ.P. 4(e)(1).  In this case, Pennsylvania service law is the applicable law.  Under Pennsylvania law, an individual within the Commonwealth may not be served by certified mail. *See Pa.R.Civ.P. 400 - 405.* The plaintiff has not properly served the remaining defendants.

The plaintiff has not shown good cause for not timely and properly serving the remaining defendants.  Accordingly, we

---

1. Instead of requiring service under Fed.R.Civ.P. 4(e), Rule 4(i) requires service under Fed.R.Civ.P. 4(g) and 4(f) if the officer is a minor or incompetent person or in a foreign country. There is no indication that any of the remaining defendants are minors, incompetent, or in a foreign country.

will recommend that the court dismiss the remaining defendants in accordance with Fed.R.Civ.P. 4(m).[2]

Because the plaintiff has not properly served the remaining defendants, we recommend that the court dismiss the complaint as to the remaining defendants and close the case.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated:  October 3, 2011.

---

2.  Instead of dismissing the action, the court could order the plaintiff to properly serve the remaining defendants within a specified time.  The plaintiff has not requested additional time to perfect service.  We do not recommend that the court give him additional time because his claims against the remaining defendants are based on a search and seizure that occurred in July of 2007 and, thus, are barred by the statute of limitations.